# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

### CA# 1:24 CV

WILLIAM R. THOMPSON
    PLAINTIFF )
)
Vs. )
)
SECRETARY OF THE US DEPARTMENT OF )
EDUCATION, MIGUEL CARDONA, )
NAVIENT SOLUTIONS, LLC, )
NELNET, INC, )
JOHN DOES 1 THROUGH 5 )
JANE DOES 6 THROUGH 10 )
    DEFENDANTS )

### VERIFIED COMPLAINT

### JURISDICTION

1. The plaintiff, William R. Thompson, (Hereinafter "PLAINTIFF") at all times relevant hereto, as a resident of 59 BARTLETT AVE APT 1 in Belmont, Middlesex County, Massachusetts.

2. Because the plaintiff is a resident of the town of Belmont, and the damages were incurred in BELMONT, the appropriate Court with jurisdiction over PLAINTIFF'S matter is the UNITED STATES DISTRICT FOR THE DISTRICT OF MASSACHUSETTS BECAUSE PLAINTIFF HAs CLAIMS AGAINST A FEDERAL AGENCY AND US DISTRICT COURT IS THE APPROPRIATE COURT FOR FEDERAL QUESTIONS.

## PARTIES

3. The plaintiff William R THOMPSON (hereinafter "PLAINTIFF") is resident of 59 BARTLETT AVE. APT 1, Belmont, MA, 02478 IN THE County of Middlesex, within Massachusetts.

4. The DEFENDANT Miguel Cardona of the U.S. Department of Education. (Hereinafter "CARDONA") upon information and belief, is DIRECTOR OF a duly organized government organization THE US DEPARTMENT OF EDUCATION, (HERINAFTER "USDOFED"), AND IS engaged in the business of STUDENT LOAN ISSUANCE AND MANAGEMENT and does business within the Commonwealth of Massachusetts, doing business and having a usual place of business at 400 Maryland Avenue, SW Washington, D.C., 20202 and does business in the Commonwealth of Massachusetts.

5. The DEFENDANT, Navient Solutions, LLC., upon information and belief, is a MANAGER and COLLECTOR OF DEBT on behalf of the U.S. Department of Education and has a business address of 123 S Justison St, Suite 300, Wilmington, DE 19801.

6. The DEFENDANT, Nelnet, Inc. upon information and belief, is a MANAGER and COLLECTOR OF DEBT on behalf of the U.S. Department of Education and has a business address of 121 S. 13th Street, Suite 201, Lincoln, NE 68508.

7. Defendants John Does 1 thru 5, inclusive, are sued under fictitious names. When their true names and capacities become known, PLAINTIFF will promptly amend PLAINTIFF'S complaint and add them as named DEFENDANTS. PLAINTIFF is informed and believes and therein alleges that each of these fictitiously named DEFENDANTS is or was an employee, agent or servant of any or all of the DEFENDANTS, legally responsible, negligently, or in some other actionable manner, for the events and happenings hereinafter set out in the complaint and that they, along with the Co-Defendants, jointly and severally proximately

caused Plaintiff's damages.  At various times, John Does 1 thru 5, upon information and belief, were acting within the scope of their official duties as an employee, agent, or servant, of any or all of the DEFENDANTS.

8. Defendants Jane Does 6 thru 10, inclusive, are sued under fictitious names. When their true names and capacities become known, PLAINTIFF will promptly amend PLAINTIFF'S complaint and add them as named DEFENDANTS. PLAINTIFF is informed and believes and therein alleges that each of these fictitiously named DEFENDANTS is or was an employee, agent or servant of any or all of the DEFENDANTS, legally responsible, negligently, or in some other actionable manner, for the events and happenings hereinafter set out in the complaint and that they, along with the Co-Defendants, jointly and severally proximately caused Plaintiff's damages.  At various times, Jane Does 6 thru 10, upon information and belief, were acting within the scope of their official duties as an employee, agent, or servant, of any or all of the DEFENDANTS.

# FACTUAL ALLEGATIONS

9. William R Thompson, PLAINTIFF took out student loans from the Defendants between 1986 and 1989 as well as in 2012.

10.    After years (approximately 1993 to 1998 and 2012 to 2014) of Nelnet's and Navient's student loan representatives hounding PLAINTIFF in their attempt to collect on the student loans,

11.    At that time (approximately 1998 and 2014), representatives agreed to withdraw from pursuing PLAINTIFF and withdraw the many derogatory references reported on PLAINTIFF's credit reports. the DEFENDANTS never removed the derogatory marks on Plaintiff's Credit Report.

12.     For PLAINTIFF'S part, PLAINTIFF agreed to sign new notes and enter into a payment agreement as soon as PLAINTIFF'S income would allow him to do so. THE DEFENDANTS NEVER INVESTIGATED PLAINTIFF'S INCOME.

13.     For many years, PLAINTIFF made payment on ALL OF PLAINTIFF'S STUDENT loans.

14.     DEFENDANTS did not ever send PLAINTIFF new notes, and were negligent in not sending Plaintiff's new notes.

15.     Due to various losses of jobs and failed health, PLAINTIFF made payments only when he was able, AND DEFENDANTS HARRASSED PLAINTIFF FOR PAYMENT, CONTINUOUSLY.

16.     On or about June of 2011, PLAINTIFF had an oblation of PLAINTIFF's heart, which eventually led to PLAINTIFF'S retirement and application for disability due to PLAINTIFF being short of breath, short of energy, and PLAINTIFF having limited mobility.

17.     PLAINTIFF REGUARLY NOTIFIED DEFENDANTS OF HIS DECLINING HEALTH.

18.     THE DEFENDANTS NEVER ONCE SAID ANYTHING ABOUT POTENTIAL HARDSHIP FORGIVENESS OF HIS LOANS.

19.     DEFENDANTS NEVER TOLD PLAINTIFF THAT HE WAS ELIGIBLE FOR FORGIVENESS OF ANY OBLIGATIONS CONTAINED IN HIS STUDENT LOANS.

20.     THE DEFENDANTS NEVER INVESTIGATED PLAINTIFF'S SITUATION AS DEFENDANTS SHOULD HAVE.

21.     PLAINTIFF continued to make payments despite the fact PLAINTIFF understood the common legal theory that a Consumer cannot be forced to repay a debt if a Consumer does

not have the ability to repay.

22.    PLAINTIFF understood PLAINTIFF'S debts would be discharged if PLAINITFF had BEEN UNABLE TO REPAY, showing PLAINTIFF'S good faith effort to repay.

23.    Despite the DEFENDANT'S promises, DEFENDANTS continued HOUNDING and HARRASSING PLAINTIFF with hundreds of calls, letters, and emails.

24.    DEFENDANT'S NEVER EXAMINED PLAINTIFF'S SITUATION, CIRCUMSTANCES, NOR INVESTIGATED PLAINTIFF'S INABILITY TO REPAY THE DEBT

25.    PLAINTIFF was unwilling and unable to use DISABILITY as a protection as PLAINTIFF thought PLAINTIFF eventually WOULD be able to return to work AND RETURN TO EARNING AN INCOME.

26.    PLAINTIFF understood that the student loans could be discharged only *"if repayment would create a hardship on the debtor." THE DEFENDANTS NEVER INVESTIGATED PLAINTIFF'S CLAIMS ON NO INCOME.*

27.    On or about February of 2017, PLAINTIFF was no longer able to work. DEFENDANTS NEGLIGENTLY FAILED TO INFORM THE PLAINTIFF THAT PLAINTIFF WAS ELIGIBLE FOR LOAN FORGIVENESS, BASED ON THE HARDSHIP PROVISION OF THE STUDENT LOANS.

28.    On February 6th, 2017, PLAINTIFF retired from any employment due to age and physical disability.

29.    PLAINTIFF NOTIFIED DEFENDANTS THAT PLAINTIFF WAS UNABLE TO BE EMPLOYED ANY LONGER, AND DEFENDANTS KNEW OR SHOULD HAVE KNOWN, PLAINTIFF WAS UNABLE TO PAY, AND HAD A DUTY TO INFORM PLAINTIFF OF THE POSSIBLE PROVISION OF 'FORGIVENESS'.

30.    On or about December of 2017, PLAINTIFF was diagnosed with cataracts and was deemed unable to see clearly along with PLAINTIFF'S continued heart issues and mobility issues.

31.    PLAINTIFF NOTIFIED THE DEFENDANTS OF HIS CONTINUED DETERIOTING HEALTH CONDITIONS.

32.    PLAINTIFF COULDN'T HAVE HIS EYES OPERATED ON BECAUSE OF PLAINTIFF'S HEART CONDITION.

33.    PLAINTIFF NOTIFIED THE DEFENDANTS OF HIS CONTINUED SIGHT PROBLEMS.

34.    THE DEFENDANT CONTACTED THE PLAINTIFF CONTINUALLY DURING THIS TIME PERIOD, CAUSING THE PLAINTIFF SERIOUS EMOTIONAL DISTRESS.

35.    THE DEFENDANT WAS NEGLIGENT IN NOT INFORMING THE PLAINTIFF HE WAS ELIGIBLE FOR A HARDSHIP DISCHARGE OF HIS STUDENT LOANS.

36.    THE DEFENDANTS WERE NEGLIGENT IN NOT INVESTIGATING THE PLAINTIFF'S SITUATION AND CIRCUMSTANCES.

37.    THE DEFENDANTS WERE ALSO NEGLIGENT IN NOT INFOMING THE PLAINTIFF THAT PLAINTIFF WAS ELIGIBLE FOR LOAN FORGIVENESS.

38.    PLAINTIFF HAS SINCE LEARNED THAT PLAINTIFF WAS CONTACTED BY COMMISSIONED COLLECTORS WHO DIDN'T WANT THE PLAINTIFF TO KNOW THEIR ONLY INTEREST IN TALKING TO THE PLAINTIFF WAS to generate a commission via Plaintiff repaying his debt.

39.    DEFENDANT FAILED TO SHOW ANY INTEREST in any of the Plaintiff's physical conditions, ailments, or age.

40.    ADDITIONALLY, DEFENDANTS FAILED TO ADD PLAINTIFF'S PHSYICAL HARDSHIP TO PLAINTIFF'S FILE AND HAVE IT BE KNOWN TO DEFENDANTS OF PLAINTIFF'S HARDSHIP.

41.    PLAINTIFF made a good-faith effort to repay PLAINTIFF'S debt from 1998 through 2019 despite the fact PLAINTIFF'S debts would have been discharged had PLAINTIFF had been amenable to filing for bankruptcy, WHICH HE NEVER FILED.

42.    PLAINTIFF NOTIFIED THE DEFENDANTS OF HIS CONTINUED DETERIOTING HEALTH CONDITIONS.

43.    In 2020, PLAINTIFF communicated with Nelnet and Navient in an attempt to let them know PLAINTIFF was unable to pay PLAINTIFF'S debts anymore.

44.    Nelnet and Navient were amenable to a payment plan, but not absolving PLAINTIFF of PLAINTIFF'S loans despite PLAINTIFF'S deteriorating health and subsequent health conditions.

45.    DEFENDANT NEVER, IN ALL THE YEARS PLAINTIFF HAD FAILED TO MAKE PLAINTIFF'S PAYMENT, TOLD PLAINTIFF - IF PLAINTIFF WAS ENCOUNTERING HARDSHP THAT HE WOULD NOT BE REQUIRED TO CONTINUE WITH PLAINTIFF'S PAYMENT.

46.    DEFENDANTS NEVER INVESTIGATED PLAINTIFF'S INABILITY TO PAY PLAINTIFF'S STUDENT LOANS.

47.    PLAINTIFF HAS ASKED FOR YEARS TO RECEIVE AN ACCOUNTING FROM THE DEFENDANTS.

48.    DEFENDANTS HAVE *NEVER*, SINCE 1999 OR SINCE 2014, PROVIDED PLAINTIFF WITH ANY RECORD OF THE STANDING OR ACCOUNTING OF PLAINTIFF'S STUDENT LOANS.

49.   On or about MARCH of 2020, none of PLAINTIFF'S lenders objected to PLAINTIFF being unable to pay PLAINTIFF loans since the pandemic upset everyone's life.

50.   On or about August of 2020, PLAINTIFF signed up for a "stay" on the repayment of PLAINTIFF'S student loans in place due to the Pandemic.

51.   PLAINTIFF also asked that the debts not be reported negatively on PLAINTIFF's credit reports, however, derogatory marks continue to be reported on Plaintiff's Credit Report to this day.

52.   DEFENDANTS NEVER conducted an investigation into Plaintiff's physical condition, age, or circumstance, which would have recognized the need for a hardship claim.

53.   However, DEFENDANTS have continued to contact PLAINTIFF in an attempt to collect PLAINTIFF'S student loan debt.

54.   DEFENDANTS continuing attempts to collect PLAINTIFF'S student loan debt is a violation of the provisions put in by the Federal Government during the pandemic.

55.   DEFENDANTS continued effort to collect THE STUDENT LOANS from PLAINTIFF is actionable on many fronts; including, but not limited to the Federal Fair Debt Collection Act (hereinafter "FFDCA"), the Fair Credit Reporting Act (hereinafter "FCRA"), the Massachusetts Debt Collection Fairness Act of 2024 (hereinafter "MFDCA"), and THE MASSACHUSETTS FAIR CREDIT REPORTING ACT (HEREINAFTER "MFCRA") AND A HOST OF OTHERS.

56.   DEFENDANTS have continued to call PLAINTIFF, write PLAINTIFF and email PLAINTIFF in an effort to collect PLAINTIFF'S STUDENT LOANS hundreds of times since the pandemic began.

57.    On or about May of 2024, PLAINTIFF had a heart attack.

58.    On or about May of 2024, PLAINTIFF had open heart surgery.

59.    On or about June of 2024, PLAINTIFF had a second heart surgery to repair the stint in PLAINTIFF's heart.

60.    NOW, AT THE AGE OF 70, AND UNHEALTHY, AS A PERSON OF PLAINTIFF'S AGE IS EXPECTED TO BE, PLAINTIFF FINDS PLAINTIFF UNABLE TO AFFORD THE REPAYMENT OF THE LOANS, OR ANY BILLS WHICH HE HAS ACCUMLATED.

61.    THE PLAINTIFF IS STRUGGLING TO SURVIVE, NEVER MIND PAYING HIS STUDENT LOANS, (WHICH WERE INCURRED AS LONG AGO AS 35 YEARS AGO) BY REASON OF UNHEALTHY PROGNOSIS. THE PLAINTIFF NEVER ENVISIONED PAYING STUDENTG LOANS FOR THE REST OF PLAINTIFF'S LIFE.

62.    THE DEFENDANT'S SHOULD HAVE INVESTIGATED PLAINTIFF'S DECLARATION OF HARDSHIP.

63.    DEFENDANT'S SHOULD HAVE KNOWN THAT PLAINTIFF'S ELIGIBILITY FOR A HARDSHIP DISCHARGE OF THE STUDENT LOANS, IF ONLY THE DEFENDANTS HAD JUST CHECKED PLAINTIFF'S AGE OR INVESTIGATED PLAINTIFF'S STATEMENTS.

64.    It is not difficult for an organization as big as Nelnet, Navient, and The Department of Education to have a computer program which designates any debtor which reaches 65 years old to have their account re-investigated for health, physical condition, or legitimacy.

65.    PLAINTIFF FINDS HIMSELF IN A SITUATION WHERE HE IS UNABLE TO PAY FOR DAILY SUSTINENCE and COSTS OF LIVING BECAUSE PLAINTIFF'S INCOME IS ONLY THE SOCIAL

SECURITY CHECK HE RECEIVES FROM THE GOVERNMENT, WHICH IS NOT MUCH IN THE WAY OF INCOME.

66.    DEFENDANT'S actions have caused PLAINTIFF great anxiety and have proven to be embarrassing and humiliating.

67.    PLAINTIFF'S day to day stresses and physical well-being has suffered because of the stress imposed upon PLAINTIFF by DEFENDANT'S employees, agents or servants needlessly, continuously, attempting to collect a debt PLAINTIFF is physically unable to repay.

68.    THE DEFENDANT'S AGENTS ONLY CARE ABOUT THE AMOUNT OF MONEY IN COMMISSIONS THEY CAN EARN AND NOT ABOUT THE PERSONAL SIDE OF THEIR DEBTERS.

69.    All PLAINTIFF'S stress and harassment continues even though PLAINTIFF has regularly pleaded with DEFENDANT'S agents, servants or employees to cease treating PLAINTIFF LIKE A CRIMINAL.

70.    As stated above, it is clear the behavior of DEFENDANTS could easily be construed as harassment, as intimidating, as inflicting - either negligently or intentionally – or both – infliction of emotional distress.

71.    Of course, any court may well find that COMBINED DEFENDANTS ARE JOINTLY AND SEVERALLY responsible for the above-mentioned wrongs and have indeed violated MGL Chapter 93A.

72.    When a creditor communicates with the alleged debtor in such a manner as to harass or embarrass the alleged debtor, included, but not limited to communication... unreasonably... by use of offensive language, or by threats of any action which the creditor in the usual course of business does not in fact take, that is seen to be a violation of the state and federal Fair Debt Collection Statutes.

73.   Given that DEFENDANTS, through its agents, servants or employees, allegedly violated PLAINTIFF'S PERSON, this is allegedly a matter of law.

74.   DEFENDANTS, either itself or through its agents, servants or employees, is ALLEGEDLY guilty of unfair and deceptive acts as defined in Chapter 93A.

75.   Failure to fulfill promises and misrepresentations of material and other facts also constitutes deceptive acts within the meaning of Chapter 93A.

## COUNT I
## WILLIAM R. THOMPSON V. ALL DEFENDANTS
## BREACH OF CONTRACT

76.   *Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein*

77.   On or about 1989 and/or 2012, Plaintiff entered into a contract with the US Department of Education AND ITS agents, servants, and/or employees, to provide management of several student loans.

78.   Plaintiff regularly performed the task of attending a college or university, or after Plaintiff got out of school, Plaintiff made regular payments to Plaintiff's Student Loans, or has been in a condition of hardship with paused payments.

79.   The Plaintiff fully performed Plaintiff's duties and responsibilities under the contract.

80.   The Defendant breached the contract by engaging in the civil wrongs and tortious behavior reflected in the paragraphs above.

81.  Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

**WHEREFORE the Plaintiff respectfully requests judgment against any and all defendants, jointly and severally, in the amount of $25,000.00 that will fairly and adequately compensate him for Plaintiff's damages, plus interest and costs and for any other relief that the Court deems appropriate.**

### COUNT II
### WILLIAM R. THOMPSON V. ALL DEFENDANTS
### BREACH OF CONTRACT

82.  *Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.*

83.  On or about 1989 and/or 2012, the Plaintiff entered into a contract with the defendant's agents, servants and/or employees.

84.  The plaintiff fully performed under the contract.

85.  The defendant(s) violated the covenant of good faith and fair dealing inherent in every contract by engaging in the civil wrongs and tortious behavior reflected in the paragraphs of Factual Allegations, above.

86.  As a direct and proximate result of the defendant's breach of the contract, the plaintiff has suffered damages.

87.  Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable

although the master may have done nothing wrong.

*WHEREFORE the Plaintiff respectfully requests judgment against any and all defendants, jointly and severally, in the amount of $25,000.00 that will fairly and adequately compensate him for Plaintiff's damages, plus interest and costs and for any other relief that the Court deems appropriate.*

## COUNT III
## WILLIAM R. THOMPSON V. ALL DEFENDANTS
## NEGLIGENT MISREPRESENTATION

88.    *Plaintiff repeats and re-alleges and incorporates by reference each and every allegation contained above as if expressly re-written and set forth herein.*

89.    **Defendant often made oral and written statements in letters, text messages and voicemail messages to plaintiff which defendant(s) negligent misrepresented the factual reality of defendant(s).**

90.    **Additionally, Defendant regularly produced written or oral negligent misrepresentations to Plaintiff that compelled Plaintiff to repay a student loan without investigating whether Plaintiff's life circumstances or health condition had changed.**

91.    **Plaintiff, to Plaintiff's detriment, relied on the negligent misrepresentations in a reasonable and justified manner, and the negligent misrepresentations resulted in great harm to the Plaintiff.**

92.    **Whether the Defendant(s) knew the negligent misrepresentation was not intended to be false, the negligent misrepresentations need not be intentionally false to create liability to the Plaintiff.**

93.    **The defendant(s) made the statements with conscious ignorance or a reckless disregard for the Plaintiff and Plaintiff's**

well-being, the negligent misrepresentations need not be intentionally false to create Defendant's liability for those negligent misrepresentations.

94.    As a proximate result of Defendant's wrongful acts of negligent misrepresentations the Plaintiff has been humiliated, embarrassed, emotionally distressed.

95.    Plaintiff has been severely injured in both mind and body and has been unable to sleep after having received Defendant's continuous negligent misrepresentations regarding Plaintiff's student loan.

96.    Plaintiff's ability to enjoy life and have appropriate student loan management to allow Plaintiff's usual activities and family plans has been greatly damaged and plaintiff has been permanently injured as a result of the Defendant's acts of negligent misrepresentations.

97.    Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff respectfully requests judgment against any and all defendants, jointly and severally, in the amount of $25,000.00 that will fairly and adequately compensate him for Plaintiff's damages, plus interest and costs and for any other relief that the Court deems appropriate.*

## COUNT IV
## WILLIAM R. THOMPSON V. ALL DEFENDANTS
## INVASION OF PRIVACY

98.    *Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.*

99.    Defendant(s) has since JANUARY, 1995 to the present,

regularly invaded the Privacy of the Plaintiff.

**100.**  Defendant(s) has regularly invaded the Privacy of the Plaintiff by constantly publishing private and false facts about the Plaintiff by misrepresenting the Plaintiff's actual CREDIT STANDING.

**101.**  Defendant has since March 23, 2012 to the present, regularly invaded the Privacy of the plaintiff by putting the plaintiff in a false light – continuously and maliciously throughout the entire period of time that the Plaintiff has been a customer of Defendants.

**102.**  Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

**WHEREFORE the Plaintiff respectfully requests judgment against any and all defendants, jointly and severally, in the amount of $25,000.00 that will fairly and adequately compensate him for Plaintiff's damages, plus interest and costs and for any other relief that the Court deems appropriate.**

## COUNT V
## WILLIAM R. THOMPSON V. ALL DEFENDANTS
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**103.**  Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

**104.**  The defendant(s) engaged in a 30 YEAR long and regular pattern of intentional outrageous and extreme conduct that goes beyond the bounds of human decency against the plaintiff.

**105.**  The defendant's ongoing behavior pattern far surpassed mere insults, annoyances, indignities and other trivialities.

106.   The wrongdoing of the defendant(s) that went far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and were so egregious that a reasonable and prudent human being such as the plaintiff, was unable to tolerate such conduct.

107.   The behavior of the defendant(s) was atrocious and beyond all bounds tolerated in a civilized society.

108.   The defendant's actions were clearly intentional and malicious and were done solely for the purpose of causing the plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

109.   As a proximate result of Defendant's intentional acts the Plaintiff has been humiliated, embarrassed, emotionally distressed, has been severely injured in both mind and body and has been unable to sleep and has had Plaintiff's ability to live life in a peaceful manner severely interrupted.

110.   As a direct and proximate result of the Intentional Infliction of Emotional Distress of Defendant(s), Plaintiff was caused to sustain severe and permanent personal injuries, was unable to sleep and has had Plaintiff's ability to travel and/or tend to Plaintiff's physical, mental, and emotional well-being severely interrupted.

111.   Plaintiff's ability to enjoy life and keep Plaintiff's ability to tend to plaintiff's usual activities and family plans has been greatly damaged and Plaintiff has been permanently injured as a result of the defendant's Intentional Infliction of Emotional Distress.

112.   Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

**WHEREFORE** the Plaintiff respectfully requests judgment against any and all defendants, jointly and severally, in the amount of $25,000.00 that will fairly and adequately compensate him for Plaintiff's damages, plus interest and costs and for any other relief that the Court deems appropriate.

**COUNT VI**
**WILLIAM R. THOMPSON V. ALL DEFENDANTS**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

113. *Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.*

114. **Defendant(s) knew, or should have known, that Defendant's failure to exercise due care in the performance of the acts described in the above paragraphs would cause plaintiff severe emotional distress.**

115. **The defendant(s) engaged in a 30 YEAR long and regular pattern of negligent outrageous and extreme conduct that goes beyond the bounds of human decency against the plaintiff.**

116. **The defendant's ongoing negligent behavior pattern far surpassed mere insults, annoyances, indignities and other trivialities.**

117. **The negligent behavior of the defendant(s) was far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.**

118. **The negligent behavior of the defendant(s) was atrocious and beyond all bounds tolerated in a civilized society.**

119. **The defendant's actions were clearly negligent and malicious and were done solely for the purpose of causing the Plaintiff to**

suffer humiliation, mental anguish and emotional and physical distress.

120.  As a proximate result of defendant's acts of Negligent Infliction of Emotional Distress, the Plaintiff has been humiliated, embarrassed, emotionally distressed, has been severely injured in both mind and body and has been unable to sleep and has had Plaintiff's ability to live life in a peaceful manner severely interrupted.

121.  As a direct and proximate result of the of defendant's acts of Negligent Infliction of Emotional Distress of Defendant(s), Plaintiff was caused to sustain severe and permanent personal injuries, was unable to sleep and has had Plaintiff's ability to travel and/or tend to Plaintiff's physical, mental, and emotional well-being severely interrupted.

122.  Plaintiff's ability to enjoy life and survive and to have appropriate ability to tend to Plaintiff's usual activities and family plans has been greatly damaged and Plaintiff has been permanently injured as a result of the defendant's Negligent Infliction of Emotional Distress.

123.  Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff respectfully requests judgment against any and all defendants, jointly and severally, in the amount of $25,000.00 that will fairly and adequately compensate him for Plaintiff's damages, plus interest and costs and for any other relief that the Court deems appropriate.*

## COUNT VII
## WILLIAM R. THOMPSON V. ALL DEFENDANTS
## NEGLIGENT HIRING

124.  *Plaintiff repeats and re-alleges and incorporates by*

*reference, each and every allegation contained above as if expressly re-written and set forth herein.*

125.   Defendant(s) had a duty to use reasonable care to select agents, servants and/or employees who were competent and fit to perform the duties required as an agent, servant or employee of Defendant(s), and not use commissioned employees, agents, and servants.

126.   Defendant(s) owed such duty to Plaintiff and such duty was breached.

127.   Defendant knew, or should have known, that some of its agents, servants or employees would be likely to be callous and incompetent in a reckless manner, that would harm people situated like plaintiff.

128.   Defendant(s) knew, or should have known, that some of its agents, servants or employees were not competent or fit for the duties required of them as an agent, servant or employee of Defendant(s).

129.   Defendant(s) breached their duty to use reasonable care to select and retain employees who were competent and fit for the duties of their assigned position.

130.   As a result of Defendant's recklessness and negligence in hiring and retaining many of their agents, servants or employees, Plaintiff was injured as alleged.

131.   Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff respectfully requests judgment against any and all defendants, jointly and severally, in the amount of $25,000.00 that will fairly and adequately compensate him for Plaintiff's damages,*

*plus interest and costs and for any other relief that the Court deems appropriate.*

**COUNT VIII**
**WILLIAM R. THOMPSON V. ALL DEFENDANTS**
**NEGLIGENT FAILURE TO PROVIDE**
**ADEQUATE TRAINING**

132.    *Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.*

133.    The DEFENDANT(S) various agencies failed to properly train its employees. That failure to adequately train its EMPLOYEES amounts to deliberate indifference to THEIR AGENT'S, SERVANT'S OR EMPLOYEES' need for such training.

134.    The DEFENDANT'S failure to train has resulted in AGENTS, SERVANTS OR employees making wrong decisions in their interactions with the Plaintiff.

135.    Upon information and belief supervisory level employees within the DEFENDANT(S) participated directly in causing Plaintiff's injuries.

136.    Defendant(s) knew, or should have known, because of lack of adequate training programs, that some of its agents, servants or employees were thus not competent or fit for the duties required of them as an agent, servant or employee of Defendant(s).

137.    Defendant(s) breached their duty to use reasonable care to adequately train agents, servants or employees so that they would perform in a competent manner, and would be fit for the duties of their assigned position.

138.    As a result of Defendant's failure to adequately train many of their agents, servants or employees, plaintiff was injured as alleged above and throughout

139.    Under The legal concept of vicarious liability, the agent,

servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

***WHEREFORE** the Plaintiff respectfully requests judgment against any and all defendants, jointly and severally, in the amount of $25,000.00 that will fairly and adequately compensate him for Plaintiff's damages, plus interest and costs and for any other relief that the Court deems appropriate.*

### COUNT IX
### WILLIAM R. THOMPSON V. ALL DEFENDANTS
### NEGLIGENT FAILURE TO
### PROVIDE ADEQUATE SUPERVISION

*140.    Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.*

141.    Defendant(s) knew, or should have known, because of lack of adequate supervision, that some of its agents, servants or employees were thus not competent or fit for the duties required of them as an agent, servant or employee of Defendant(S).

142.    Defendant(s) breached their duty to use reasonable care to adequately supervise agents, servants or employees so that they would perform in a competent manner, and would be fit for the duties of their assigned position.

143.    As a result of Defendant's lack of supervision of many of their agents, servants or employees, plaintiff was injured as alleged.

144.    Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff respectfully requests judgment against any and all defendants, jointly and severally, in the amount of $25,000.00 that will fairly and adequately compensate him for Plaintiff's damages, plus interest and costs and for any other relief that the Court deems appropriate.*

### COUNT X
### WILLIAM R. THOMPSON V. ALL DEFENDANTS
### LIBEL

145.    *Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.*

146.    Defendants, through their agents, employees and/or servants have caused writings to be distributed which attacked the plaintiff's character and defamed the plaintiff.

147.    Defendants, or its agents, employees and/or servants have made statements in writing to other residents about the plaintiff. Those statements in writing were and are untrue and attacked the plaintiff's character and defamed the plaintiff.

148.    All those acts by the agents, servants and/or employees of Defendant, were done with malicious intent to harm the plaintiff and did indeed cause the plaintiff great harm.

149.    Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff respectfully requests judgment against any and all defendants, jointly and severally, in the amount of $25,000.00 that will fairly and adequately compensate him for Plaintiff's damages, plus interest and costs and for any other relief that the Court deems appropriate.*

## COUNT XI
## WILLIAM R. THOMPSON V. ALL DEFENDANTS
## SLANDER

150.   *Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.*

151.   **Defendants through their agents, employees and/or servants have committed scores of acts of oral defamation, in which their agents, employees and/or servants told many untruths regarding the plaintiff and said untruths damaged the reputation of the plaintiff and caused the plaintiff great suffering.**

152.   **Defendants have made, through their agents, employees and/or servants, scores of false and demeaning oral statements to many people about the plaintiff. Those statements were and are untrue and attacked the plaintiff's character and defamed the plaintiff.**

153.   **All those oral statements were made by the defendants through their agents, employees and/or servants, with malicious intent to harm the plaintiff and did indeed cause the plaintiff great harm.**

154.   **Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.**

*WHEREFORE the Plaintiff respectfully requests judgment against any and all defendants, jointly and severally, in the amount of $25,000.00 that will fairly and adequately compensate him for Plaintiff's damages, plus interest and costs and for any other relief that the Court deems appropriate.*

## COUNT XII
## WILLIAM R. THOMPSON V. ALL DEFENDANTS
## FALSE ADVERTISING OR DESCRIPTIONS 15 U.S.C.A.1125(a)

155. *Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.*

156. Defendant has made many false statements of fact about the LOAN AND REPAYMENT OPTIONS and services it advertised to the defendant.

157. The false statements of the defendant were used to deceive the plaintiff.

158. The deception of the defendant's advertising affected the decisions of the plaintiff.

159. The defendants advertising involved goods or services in interstate commerce.

160. The defendant knew or should have known that its deceptive advertising was likely to result in an injury to the plaintiff.

161. The advertisements of the defendant were representations that were untrue.

162. As a result of the failure to disclose material facts in its advertising, defendant has caused harm to the plaintiff.

163. Defendant's false advertisements - by not disclosing the facts, resulted in significant harm to the plaintiff.

164. Any advertising or promotion that misrepresents the nature, characteristics or qualities of products or services or commercial activities violate 15 U.S.C.A.1125(a).

165. The defendant made many material statements and representations to the plaintiff which tended to deceive the plaintiff.

166. Plaintiff suffered the loss of the benefit of the "advertised" bargain offered by the defendant and suffered the loss of time and suffered great aggravation as a result of defendant's failure to meet its advertised premises and service representations.

167. Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff respectfully requests judgment against any and all defendants, jointly and severally, in the amount of $25,000.00 that will fairly and adequately compensate him for Plaintiff's damages, plus interest and costs and for any other relief that the Court deems appropriate.*

## COUNT XIII
## WILLIAM R. THOMPSON V. ALL DEFENDANTS
## FALSE OR MISLEADING REPRESENATIONS 15 U.S.C.A.1125(a)

168. *Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.*

169. Plaintiff systemic practices rise to the level of false or misleading representations under the plain definition of those words and are highly likely to have misled the Plaintiff.

170. Defendant has engaged in these systematic, false and misleading representations not only to the Plaintiff, but to others, including the public.

171. Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong

within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff respectfully requests judgment against any and all defendants, jointly and severally, in the amount of $25,000.00 that will fairly and adequately compensate him for Plaintiff's damages, plus interest and costs and for any other relief that the Court deems appropriate.*

## COUNT XIV
## WILLIAM R. THOMPSON V. ALL DEFENDANTS
## TORTIOUS INTERFERENCE WITH ADVANTAGEOUS RELATIONSHIP

172.  *Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.*

173.  There was in existence an advantageous relationship between the Plaintiff and defendant.

174.  The defendant's agents, employees and/or servants harmed the plaintiff by interfering with that advantageous relationship.

175.  The absence of the privilege or justification on the part of the defendants makes the interference tortious behavior.

176.  Actual damage resulting to the plaintiff due to the defendant's conduct.

177.  Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff respectfully requests judgment against any and all defendants, jointly and severally, in the amount of $25,000.00 that will fairly and adequately compensate him for Plaintiff's damages, plus interest and costs and for any other relief that the Court deems*

appropriate.

### COUNT XV
### WILLIAM R. THOMPSON V. ALL DEFENDANTS
### *VIOLATION OF THE FEDERAL FAIR CREDIT REPORTING ACT*
### *(15. U.S.C. § 1681)*

178.   Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

179.   Defendant continuously made derogatory comments on the credit reports of the Plaintiff regarding an alleged overdue balance.

180.   Plaintiff had no ability to pay the amount due on Plaintiff's loans and the defendant knew or should have known or investigated the Plaintiff's situation and circumstances.

181.   The defendants should have never made derogatory comments on the Plaintiff's credit reports if Defendant had known about or investigated the circumstances or situation of the plaintiff.

182.   Such harassment as committed by defendant's agents, servants or employees, acting on behalf of the defendant as alleged in the paragraphs above, are in violation of the Federal Fair Credit Reporting Act, 15 U.S.C.S. sec § 1681.

183.   Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

WHEREFORE the Plaintiff respectfully requests judgment against any and all defendants, jointly and severally, in the amount of $25,000.00 that will fairly and adequately compensate him for Plaintiff's damages, plus interest and costs and for any other relief that the Court deems appropriate.

**COUNT XVI**
**WILLIAM R. THOMPSON V. ALL DEFENDANTS**
**VIOLATION OF THE MASSACHUSETTS FAIR CREDIT REPORTING ACT**

184.   *Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.*

185.   *Defendant continuously made derogatory comments on the credit reports of the Plaintiff regarding an alleged overdue balance.*

186.   *Plaintiff had no ability to pay the amount due on Plaintiff's loans and the Defendant knew or would have known had Defendant investigated the Plaintiff's situation and circumstances.*

187.   *The Defendants should have never made derogatory comments on the Plaintiff's credit reports if Defendant had known about or investigated the circumstances or situation of the plaintiff.*

188.   *Such harassment as committed by Defendant's agents, servants or employees, acting on behalf of the Defendant as alleged in the paragraphs above, are in violation of the Massachusetts Fair Credit Reporting Act.*

189.   Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff respectfully requests judgment against any and all defendants, jointly and severally, in the amount of $25,000.00 that will fairly and adequately compensate him for Plaintiff's damages, plus interest and costs and for any other relief that the Court deems appropriate.*

## COUNT XVII
## WILLIAM R. THOMPSON V. ALL DEFENDANTS
### *VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION ACT*
### *(15 U.S.C. sec. § 1692)*

190.   *Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.*

191.   *Defendant continuously dunned the plaintiff regarding an alleged overdue balance.*

192.   *Plaintiff had no ability to pay the amount due on Plaintiff's loans and the Defendant knew or should have known had Defendant investigated the Plaintiff's situation and circumstances.*

193.   *The Defendants should have never dunned the Plaintiff.*

194.   *Such harassment as committed by Defendant's agents, servants or employees, acting on behalf of the Defendant as alleged in the paragraphs above, are in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C.S. sec § 1692.*

195.   **Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.**

*WHEREFORE the Plaintiff respectfully requests judgment against any and all defendants, jointly and severally, in the amount of $25,000.00 that will fairly and adequately compensate him for Plaintiff's damages, plus interest and costs and for any other relief that the Court deems appropriate.*

## COUNT XVIII
## WILLIAM R. THOMPSON V. ALL DEFENDANTS
### *VIOLATION OF THE MASSACHUSETTS FAIR DEBT COLLECTION ACT*

196.   Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

197.   Defendant continuously dunned the plaintiff regarding an alleged overdue balance.

198.   Plaintiff had no ability to pay the amount due on Plaintiff's loans and the Defendant knew or should have known had Defendant investigated the Plaintiff's situation and circumstances.

199.   The Defendants should have never dunned the Plaintiff.

200.   Such harassment as committed by Defendant's agents, servants or employees, acting on behalf of the Defendant as alleged in the paragraphs above, are in violation of the Massachusetts Fair Credit Reporting Act.

201.   Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

WHEREFORE the Plaintiff respectfully requests judgment against any and all defendants, jointly and severally, in the amount of $25,000.00 that will fairly and adequately compensate him for Plaintiff's damages, plus interest and costs and for any other relief that the Court deems appropriate.

## COUNT XIX
## WILLIAM R. THOMPSON V. ALL DEFENDANTS
## VIOLATION OF MASS GEN LAWS CH 93A

202.   The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above as if expressly rewritten and set forth herein.

203.   At all times relevant hereto, Defendant was engaged in trade or commerce within the meaning of Massachusetts statutes.

204.   At all times relevant hereto, Plaintiff was also engaged as a consumer within the meaning of Massachusetts statutes.

205.   As both parties at all times relevant hereto, were engaged in trade or commerce within the meaning of Massachusetts statutes, this is a consumer transaction covered under the Massachusetts Consumer Protection Act.

206.   Defendant's behavior represents unconscionable behavior. Said behaviors which shock the conscience and are considered unfair and deceptive business practices.

207.   It is settled law in Massachusetts and under Federal Law that unfair and deceptive business practices brings with it higher levels of punishment.

208.   The Defendant has willingly and maliciously and continuously behaved in a way which represents significant violations of the Massachusetts Consumer Protection statutes which are meant to protect consumers, like the plaintiff, from the wrongful behaviors complained of above.

209.   As a direct and proximate result of the foregoing unfair and deceptive acts and unfair business practices of the Defendant the Plaintiff has suffered damages.

210.   As a direct and proximate result of Defendant's Violation of the Massachusetts Consumer Protection Act, Plaintiff was caused to sustain severe and permanent personal injuries, was caused to suffer detrimental tradelines Plaintiff's credit report

211.   The Plaintiff, effectively had Plaintiff's credit score diminished and subsequently led to a higher cost of credit throughout Plaintiff's life; all due to Defendant's acts in Violation of the Massachusetts Consumer Protection Act.

212.   Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff respectfully requests judgment against any and all defendants, jointly and severally, in the amount of $25,000.00 and $475,000.00 times 3 for a total of   $1,425,000.00 that will fairly and adequately compensate him for Plaintiff's damages, plus interest and costs and for any other relief that the Court deems appropriate.*

# PRAYER

A. That PLAINTIFF requests the Honorable Court order Payment of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), as compensation for the BREACH OF CONTRACT committed by the defendants, JOINTLY AND SEVERALLY, in Count I, and the harm resulting to plaintiff from said Breach of Contract.

B. That PLAINTIFF requests the Honorable Court order Payment of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) as compensation for the additional acts of BREACH OF CONTRACT and Violation of the Good Faith and Fair Dealing inherent in all contracts committed by the defendants, JOINTLY AND SEVERALLY, in Count II, and the harm resulting to plaintiff from said FURTHER BREACH OF CONTRACT.

C. That PLAINTIFF requests the Honorable Court order Payment, JOINTLY AND SEVERALLY, of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) as compensation for the NEGLIGENT MISREPRESENTATIONS committed by the defendants, JOINTLY AND SEVERALLY, in Count III and the harm resulting to plaintiff from said NEGLIGENT MISREPRESENTATIONS.

D. That PLAINTIFF requests the Honorable Court order Payment, JOINTLY AND SEVERALLY, of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) as compensation for the INVASION OF PRIVACY

committed by the defendant in Count IV and the harm resulting to plaintiff from said INVASION OF PRIVACY.

E. That PLAINTIFF requests the Honorable Court order Payment, JOINTLY AND SEVERALLY, of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) as compensation for the INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS committed by the defendant in Count V and the harm resulting to plaintiff from said INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

F. That PLAINTIFF requests the Honorable Court order Payment, JOINTLY AND SEVERALLY, of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) as compensation for the additional NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS committed by the defendant in Count VI and the harm resulting to plaintiff from said NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.

G. That PLAINTIFF requests the Honorable Court order Payment, JOINTLY AND SEVERALLY, of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) as compensation for the Count of NEGLIGENT HIRING committed by the defendant in Count VII, and the harm resulting to plaintiff from said NEGLIGENT HIRING.

H. That PLAINTIFF requests the Honorable Court order Payment, JOINTLY AND SEVERALLY, of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) as compensation for the Count of NEGLIGENT FAILURE TO PROVIDE ADEQUATE TRAINING committed by the defendant in Count VIII, and the harm resulting to plaintiff from said NEGLIGENT FAILURE TO PROVIDE ADEQUATE TRAINING.

I. That PLAINTIFF requests the Honorable Court order Payment, JOINTLY AND SEVERALLY, of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) as compensation for the Count of NEGLIGENT FAILURE TO PROVIDE ADEQUATE SUPERVISION by the defendant(s), in Count IX and the harm resulting to plaintiff from said NEGLIGENT FAILURE TO PROVIDE ADEQUATE SUPERVISION.

J.  That PLAINTIFF requests the Honorable Court order Payment, JOINTLY AND SEVERALLY, of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) as compensation for the LIBEL committed by the defendant(s), in Count X and the harm resulting to plaintiff from said LIBEL.

K.  That PLAINTIFF requests the Honorable Court order Payment, JOINTLY AND SEVERALLY, of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) as compensation for the SLANDER committed by the defendants, in Count XI and the harm resulting to plaintiff from said SLANDER.

L.  That PLAINTIFF requests the Honorable Court order Payment, JOINTLY AND SEVERALLY, of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) as compensation for the FALSE ADERTISING OR DESCRIPTION committed by the defendant(s), in Count XII and the harm resulting to plaintiff from said FALSE ADVERTISING OR DESCRIPTION.

M.  That PLAINTIFF requests the Honorable Court order Payment, JOINTLY AND SEVERALLY, of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) as compensation for the FALSE OR MISLEADING REPRESENTATIONS committed by the defendant(s), in Count XIII and the harm resulting to plaintiff from said FALSE OR MISLEADING REPRESENTATIONS.

N.  That PLAINTIFF requests the Honorable Court order Payment, JOINTLY AND SEVERALLY, of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) as compensation for the TORTIOUS INTERFERENCE WITH ADVANTAGEOUS RELATIONSHIP committed by the defendant(s), in Count XIV and the harm resulting to plaintiff from said TORTIOUS INTERFERENCE WITH ADVANTAGEOUS RELATIONSHIP

O.  That PLAINTIFF requests the Honorable Court order Payment, JOINTLY AND SEVERALLY, of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) as compensation for the VIOLATION OF THE FEDERAL FAIR CREDIT REPORTING ACT committed by the defendant(s), in

Count XV and the harm resulting to plaintiff from said VIOLATION OF THE FEDERAL FAIR CREDIT REPORTING ACT.

P. That PLAINTIFF requests the Honorable Court order Payment, JOINTLY AND SEVERALLY, of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) as compensation for the VIOLATION OF THE MASSACHUSETTS FAIR CREDIT REPORTING ACT committed by the defendant(s), in Count XVI and the harm resulting to plaintiff from said VIOLATION OF THE MASSACHUSETTS FAIR CREDIT REPORTING ACT.

Q. That PLAINTIFF requests the Honorable Court order Payment, JOINTLY AND SEVERALLY, of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) as compensation for the VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION ACT committed by the defendant(s), in Count XVII and the harm resulting to plaintiff from said VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION ACT.

R. That PLAINTIFF requests the Honorable Court order Payment, JOINTLY AND SEVERALLY, of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) as compensation for the VIOLATION OF THE MASSACHUSETTS FAIR DEBT COLLECTION ACT committed by the defendant(s), in Count XVIII and the harm resulting to plaintiff from said VIOLATION OF THE MASSACHUSETTS FAIR DEBT COLLECTION ACT.

S. That PLAINTIFF requests the Honorable Court order Payment, JOINTLY AND SEVERALLY, of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) as compensation for the VIOLATION OF MASSACHUSETTS GENERAL LAWS CHAPTER 93A committed by the defendant(s), in Count XIX for a total of $475,000.00 times 3 for a grand total of $1,425,000.00 and the harm resulting to plaintiff from said VIOLATION OF MASSACHUSETTS GENERAL LAWS CHAPTER 93A.

## THE PLAINTIFF REQUESTS A TRIAL By JURY

**The Plaintiff**
**Pro Se**

WILLIAM R THOMPSON
59 BARTLETT AVE
BELMONT, MA 02478
THOMPWI659@GMAIL.COM
781 708 9654

Dated: OCTOBER 21, 2024

FILED
IN CLERKS OFFICE

2024 OCT 21 PH 6:59

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CA# 1:24 CV

WILLIAM R. THOMPSON
    PLAINTIFF                                          )
                                                 )

Vs.                                                    )
                                               )

SECRETARY OF THE US DEPARTMENT OF      )
EDUCATION-MIGUEL CARDONA,                )
NAVIENT SOLUTIONS, LLC,                   )
NELNET, INC,                                    )
JOHN DOES 1 THROUGH 5                      )
JANE DOES  6 THROUGH 10                    )
    DEFENDANTS                                 )

## VERIFICATION

# CERTIFICATION AND CLOSING

Under the Federal Rules of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that PLAINTIFF complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a. reasonable opportunity for further investigation or discovery: and (4) the complaint otherwise complies with the requirements of rule 11.

I agree to provide the Clerk's office with any changes to my address where case – related papers may be served. I understand that my failure to keep a current address on file in the Clerk's office may result in the dismissal of my case.

**The Plaintiff**
**Pro Se**

**WILLIAM R THOMPSON**
**59 BARTLETT AVE**
**BELMONT, MA 02478**
**THOMPWI659@GMAIL.COM**
**781 708 9654**

**Dated: October 21, 2024**